UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BARRY HASTY, | Case No. 6:23-cv-1590-MC |
| Plaintiff, | Case No. 6:23-cv-735-MC |
| | Case No. 6:23-cv-1215-MC |
| v. | |
| US FOREST SERVICE, *and* THOMAS J. VILSACK, | ORDER |
| Defendants. | |

_____

MCSHANE, District Judge.

    Plaintiff, appearing pro se, applies for leave to proceed in forma pauperis (IFP). Review of Plaintiff's application shows that he is unable to pay the filing fee for this action, and his IFP application is granted. However, Plaintiff's Complaint fails to state a viable claim for relief and is subject to dismissal. In addition, because Plaintiff repeats previous allegations, his two prior

cases (6:23-cv-735-MC and 6:23-cv-1215-MC) are dismissed as redundant. Plaintiff has 30 days to amend as a single complaint with sufficient facts to support a federal cause of action.

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that the defendant violated a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To establish a case of racial discrimination under Title VII of the Civil Rights Act, a plaintiff must allege that he (1) belongs to a class of persons protected by Title VII; (2) performed his job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than a similarly situated employee who does not belong to the same protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). A claim of retaliation under Title VII requires the employee to show that (1) he engaged in a protected

activity; (2) his employer subjected him to an adverse employment action; and (3) and that there is a causal link between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). To establish a claim of hostile work environment under Title VII, a plaintiff must show that (1) the verbal or physical conduct was based on his gender; (2) the conduct was unwelcome; and (3) the conduct was "sufficiently sever or pervasive to alter the conditions" of employment and create an "an abusive work environment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).

  This appears to be a case alleging various employment claims relating to discrimination, retaliation, and hostile work environment. Plaintiff's allegations are difficult to decipher, and they do not allege sufficient facts to plausibly satisfy the elements of a cause of action for the Title VII claims listed above. However, despite the deficiencies in plaintiff's complaint, I cannot find that amendment of the complaint would be futile. Therefore, given plaintiff's pro se status, I will afford plaintiff the opportunity to amend his complaint regarding his claims. Plaintiff must file one amended complaint with sufficient facts for the court to infer a plausible claim. This single complaint shall include the claims from the previous cases that are hereby dismissed (6:23-cv-735-MC, 6:23-cv-1215-MC).

## CONCLUSION

  Plaintiff's Application for Leave to Proceed IFP (ECF No. 2) is GRANTED, and his Motion for Appointment of Counsel (ECF No. 3) is DENIED with leave to renew within 30 days from the date of this Order, Plaintiff must submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 29th day of November, 2023.

                                                s/Michael J. McShane
                                                MICHAEL J. MCSHANE
                                                United States District Judge